IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARK HATFIELD d/b/a INTIMATE TREASURES | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No._____ |
| BRIAN WRIGHT | ) ) | JURY TRIAL REQUESTED |
| Defendant. | ) ) | |

**COMPLAINT FOR FEDERAL TRADEMARK COUNTERFEITING, INFRINGEMENT AND UNFAIR COMPETITION; COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; CYBERSQUATTING; AND VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT**

Plaintiff, Mark Hatfield d/b/a Intimate Treasures, for its complaint against Defendant, Brian Wright, hereby states as follows:

**PARTIES**

1. Mark Hatfield is an individual doing business as Intimate Treasures ("Plaintiff" or "Intimate Treasures") with a business address of 1410 East Main Street, Johnson City, TN 37601.

2. Upon information and belief, Defendant Brian Wright is an individual with an address of 1351 Alessandro Drive, Newbury Park, CA 91320.

**JURISDICTION AND VENUE**

3. This is an action for counterfeiting and infringement of service mark rights embodied in a federally registered service mark and for infringement and unfair competition with respect to the service mark under the common law, all in violation of at least the United States Trademark Act of 1946, the Lanham Act, 15 USC § 1051, *et. seq.* and/or the common law; and for violation of the

1

Tennessee Consumer Protection Act, T.C.A. § 47-18-101 *et. seq*.

4. This Court has jurisdiction of the subject matter pursuant to its powers under 15 U.S.C. §1121, 28 USC §1338(a), and 28 USC § 1338(b), and under this Court's pendent jurisdiction over related state claims arising under the same operative facts and circumstances pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 USC § 1391.

## NATURE OF THE ACTION

6. Plaintiff owns and operates an online store and a chain of retail stores featuring a wide variety of adult-oriented products including lingerie, apparel, adult novelties, movies, lotions, hosiery, swim wear, gifts, massage products, supplements, etc. ("Plaintiff's Goods and Services").

7. Since at least as early as May 1993, Plaintiff has continuously used and is now using the INTIMATE TREASURES Mark ("the Mark" or "INTIMATE TREASURES Mark") in commerce in the United States for and in connection with its Goods and Services.

8. The phrase "INTIMATE TREASURES" is an inherently distinctive mark for the Goods and Services.

9. Plaintiff's online and retail stores have been very successful, on a local and national scale. Plaintiff has advertised its Goods and Services to consumers in interstate commerce under its INTIMATE TREASURES Mark throughout the country, including by way of its website at *www.intimatetreasures.net* (the "Intimate Treasures Website").

10. Plaintiff initially created the Intimate Treasures Website on or about January 4, 1999, and it became fully interactive and available to the public on or about October 12, 1999. The Intimate Treasures Website has been maintained and used to market and promote the Plaintiff's Goods and Services continually since that time.

11. As a result of the extensive sales and continuous marketing, promotion, and use of the INTIMATE TREASURES Goods and Services in interstate commerce under the INTIMATE TREASURES Mark, and the Plaintiff's substantially exclusive and continuous use of the Mark for

the Goods and Services for almost a quarter century, the INTIMATE TREASURES Mark has come to symbolize great and valuable goodwill as an identifier of the Plaintiff's Goods and Services, wherein Plaintiff is the understood source from which such goods and services emanate.

12. In addition to significant common law trademark and other rights pertaining to the INTIMATE TREASURES Mark, Plaintiff has federally registered the INTIMATE TREASURES Mark on the Principal Register of the United States Patent and Trademark Office under U.S. Registration No. 3,111,007, filed on April 14, 2005 and on issued July 4, 2006 (the "INTIMATE TREASURES Registration"). A copy of the certificate of registration for the aforementioned INTIMATE TREASURES Registration is attached as **Exhibit A**.

13. The INTIMATE TREASURES Registration is now incontestable for the services identified on the registration certificate in accordance with 15 USC § 1065, with the effect under 15 USC §1115(b) that the validity of the INTIMATE TREASURES Mark, the sole and exclusive ownership by Plaintiff of the INTIMATE TREASURES Mark, and the right of Plaintiff to exclusive use of the INTIMATE TREASURES Mark in commerce for the services set forth in the INTIMATE TREASURES Registration are all conclusively established under law.

14. The INTIMATE TREASURES Registration is valid, unrevoked, uncancelled, and subsisting; and all rights associated therewith are not abandoned.

15. On information and belief, Defendant has been and is now engaged in providing online store services featuring a wide variety of adult-oriented products including lingerie, apparel, adult novelties, movies, supplements, etc. in commerce in the United States, including in this district.

16. The nature of the Defendant's services is identical to the nature of the Plaintiff's services.

17. The Plaintiff and Defendant each use the World Wide Web as a primary means for advertising, promoting and marketing their respective services.

18. Defendant has used and is now using in commerce in the United States, including in this district, the mark INTIMATE TREASURES or a confusingly similar variation thereof for its

3

Case 2:15-cv-00312-JRG-MCLC   Document 1   Filed 11/25/15   Page 3 of 11   PageID #: 3

retail store services, including by way of its website, located at the following domain: *www.intimatetreasures.com* (the "Infringing Domain").

19. Long before any date of first use of the phrase INTIMATE TREASURES by the Defendant for or in connection with online store services, Plaintiff commenced and has made substantially continuous and exclusive use of the mark INTIMATE TREAURES in commerce for and in connection with the sale of its Goods and Services to consumers and potential consumers thereof throughout the United States.

20. Around June 19, 2015, after becoming aware of the Infringing Domain, Plaintiff, through its attorneys, sent a cease and desist letter and follow-up emails to Defendant informing him of Plaintiff's rights in the INTIMATE TREASURES mark and of its federal registration and objecting to his continued use of INTIMATE TREASURES.

21. In response to that letter, Defendant removed all product listings from its website, and has replaced those products with a page of text purporting to be a "testament" to a failed adult print catalog named *Intimate Treasures* that was apparently distributed in the late 1980s and early 1990s.

22. The Infringing Domain uses a domain name and website title that are identical or at least confusingly similar to the INTIMATE TREASURES mark. Defendant has no right or legitimate interest in using the INTIMATE TREASURES Mark on the Infringing Domain. Defendant registered and began using the domain in bad faith in order to cause consumer confusion with respect to Plaintiff and its INTIMATE TREASURES Mark. Defendant continues to use the INTIMATE TREASURES mark in bad faith and without any legitimate purpose.

23. The Defendant's distribution, advertising, promotion, sale, and/or offer for sale of services using the INTIMATE TREASURES Mark has been done without license, consent or acquiescence of Plaintiff.

24. Defendant's misuse and infringement of the INTIMATE TREASURES Mark as alleged herein, unfair competition, and other commercially deleterious actions have caused and are causing actual confusion among consumers and the public at large as to the commercial source of the Plaintiff's Goods and Services offered under the INTIMATE TREASURES Mark.

# COUNT I

## COUNTERFEITING OF FEDERALLY REGISTERED MARK

25. Plaintiff restates the allegations of the foregoing paragraphs as if fully set forth herein, and for Count I states as follows:

26. Defendant has used spurious designations that are identical with, or substantially indistinguishable from, the Plaintiff's INTIMATE TREASURES mark in connection with services covered by the INTIMATE TREASURES Mark.

27. Defendant has intentionally used this spurious designation, knowing it is counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of its goods and services.

28. Defendant's use of the INTIMATE TREASURES Mark to advertise, promote, offer for sale, distribute and sell goods and services being a counterfeit mark was without the consent of Plaintiff.

29. Defendant's unauthorized use of the INTIMATE TREASURES Mark on and in connection with its advertisement, promotion, sale, offering for sale and distribution of goods and services on the Infringing Domain constitutes use of the INTIMATE TREASURES Mark in commerce.

30. Defendant's unauthorized use of the INTIMATE TREASURES Mark as set forth above is likely to cause confusion, mistake and deception; cause the public to believe that its goods and services are the same as Plaintiff's Goods and Services and/or that they are authorized, sponsored, or approved by Plaintiff or that they are affiliated, connected, or associated with or in some way related to Plaintiff; and result in Defendant unfairly benefiting from Plaintiff's advertising and promotion and profiting from the reputation of Plaintiff and its INTIMATE TREASURES Mark all to the substantial and irreparable injury of the public, Plaintiff, and the INTIMATE TREASURES Mark and the substantial goodwill represented thereby.

31. Defendant's actions constitute willful trademark counterfeiting in violation of 15 U.S.C. § 1114.

32. By reason of the foregoing, Defendant is liable to Plaintiff for (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c), or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damages and/or Defendant's illicit profit; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

## COUNT II

## INFRINGEMENT OF FEDERALLY REGISTERED MARK

33. Plaintiff restates the allegations of the foregoing paragraphs as if fully set forth herein, and for Count II states as follows:

34. Defendant's use of the INTIMATE TREASURES Mark in Defendant's Infringing Domain, including in the domain name of that website and website title, as alleged herein is a use which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the source of Defendant's goods and services with the source of Plaintiff's Goods and Services provided under the INTIMATE TREASURES Mark of the INTIMATE TREASURES Registrations, in violation of 15 U.S.C. § 1114.

35. Upon information and belief, Defendant will continue to sell, offer for sale, and/or advertise its services using the INTIMATE TREASURES Mark in violation of the rights of Plaintiff under federal and state law unless and until enjoined by this Court.

36. The acts of Defendant alleged in this Count I have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT III

## FEDERAL UNFAIR COMPETITION AND RELATED VIOLATIONS

37. Plaintiff restates the allegations of the foregoing paragraphs as if fully set forth herein, and for Count III states as follows:

38. Defendants' Infringing Domain using "INTIMATE TREASURES" is confusingly similar to the INTIMATE TREASURES Mark and is used for the same or closely related services for which the INTIMATE TREASURES Mark has previously been used in commerce by Plaintiff; and use by Defendant's in commerce of the INTIMATE TREASURES Mark for and in connection with Defendant's Services, as alleged herein, is likely to cause, and actually has caused, confusion, mistake, and/or deception in violation of 15 USC § 1125(a).

39. Use by Defendant of the INTIMATE TREASURES Mark for and in connection with Defendant's Services falsely represents or suggests to the consumer and to the trade in general that the services sold, offered for sale, and/or advertised by Defendant are provided, distributed or sold under or with the permission of or authorization from the true source of services provided, distributed, or sold under the INTIMATE TREASURES Mark, and/or that Defendant's Services have been provided in compliance with the quality standards maintained by Plaintiff for products or services offered and sold under the INTIMATE TREASURES Mark, in further violation of 15 USC § 1125(a).

40. The uses by Defendant of the INTIMATE TREASURES Mark as alleged herein constitute false designation of origin in violation of 15 USC § 1125(a).

41. Use of the INTIMATE TREASURES Mark by Defendant was and is being undertaken by Defendant with knowledge of superior rights in the INTIMATE TREASURES Mark by Plaintiff, and with the deliberate intent to infringe upon the rights of Plaintiff therein and to unlawfully divert trade, goodwill, and revenue from Plaintiff, whereby Defendant has been and is being unjustly enriched with revenue and other benefits proximately caused by and/or resulting from their unlawful acts as alleged herein.

42. The acts of Defendant alleged in this Count II have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT IV

## FEDERAL CYBERSQUATTING

43. Plaintiff reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for Count IV as follows:

44. Acquisition, ownership, and use by or under control of Defendant of the Infringing Domain for and in connection with its goods and services was done and is being done willfully with a bad faith intent to profit unlawfully from inclusion of the INTIMATE TREASURES Mark in such domain names and to promote, market, and sell services of the Defendant in violation of 15 U.S.C. § 1125(d)(1).

45. The acts of Defendant alleged in this Count III have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which it has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

46. Plaintiff reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for Count V as follows:

47. Defendant's actions as alleged herein constitute unfair competition and trade piracy in violation of the common law and have been undertaken in order to cause confusion and deception among the purchasing public and the trade in general, to allow Defendants to unjustly benefit from the goodwill and value built up by Plaintiff over many years of use and extensive investment in advertising and promotion of the INTIMATE TREASURES Mark, and to unlawfully divert trade, goodwill, and revenue from Plaintiff.

48. Defendant's acts alleged herein have or are likely to engender a false belief in the mind of the public and trade in general that Defendant is affiliated with, sponsored by, or associated with the source of Plaintiff's Goods and Services marketed and sold under the INTIMATE TREASURES Mark.

8

Case 2:15-cv-00312-JRG-MCLC   Document 1   Filed 11/25/15   Page 8 of 11   PageID #: 8

49. By reason of the foregoing, Defendant has engaged in acts of trademark infringement and unfair competition in violation of the common law and, on information and belief, Defendant will continue to engage in such acts, inflicting irreparable harm and damage to Plaintiff for which it has no fully adequate remedy at law unless and until Defendant is enjoined by this Court.

## COUNT VI
## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

50. Plaintiff reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for Count VI as follows:

51. By reason of the actions alleged herein, Defendants have acted and are acting in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 et seq. The acts complained of violate at least subsections (1), (2), (3), and (5) of T.C.A. § 47-18-104(b).

52. As a result of the actions alleged herein, Plaintiff has suffered and continues to suffer financial damage, injury, and irreparable harm.

53. Defendants committed the actions alleged herein knowingly and willfully.

54. Pursuant to T.C.A. 47-18-109(a)(3), Plaintiff is entitled to treble damages for the knowing and willful acts of Defendants alleged herein.

55. Pursuant to T.C.A. 47-18-109(e)(1), Plaintiff is entitled to its reasonable attorney fees and costs in bringing this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for at least the following relief:

a. A preliminary and permanent injunction and such other and further relief as is available under 15 U.S.C. § 1116 to prevent any further violation of Plaintiff's rights under 15 U.S.C. §1114 in the federally registered INTIMATE TREASURES Mark.

b. A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. § 1116 to prohibit any further violation of Plaintiff's rights in the

INTIMATE TREASURES Mark under 15 U.S.C. §1125(a), and prohibiting Defendants from unfairly competing with Plaintiff through the use of spurious designations substantially identical with or confusingly similar to the previously used INTIMATE TREASURES Mark.

    c.    A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. §1125(d) to prohibit any further violations of Plaintiff's rights in and to the INTIMATE TREASURES Mark including prohibiting Defendants from making use further of any domain name containing the INTIMATE TREASURES Mark alone or in combination with any other words.

    d.    That the Court enjoin Defendant and all of its employees, owners, officers, agents, attorneys, affiliates, all persons or entities in privity with Defendant including, but not limited to, any person or entity associated with the registry or maintenance of the Defendant's Infringing Domain, and all those who receive notice therefore, from and against any and all further use of the INTIMATE TREASURES Mark alone or in combination with any other words for or in connection with the Defendant's services, or any related goods or services including, but not limited to, any use therefore on the Internet, as a domain name on the Internet, in any metatags, or any other print or electronic media.

    e.    That the Defendant provide a full accounting of its sales bearing counterfeits and infringements of the INTIMATE TREASURES Mark and to account for all gains, profits, and advantages derived by Defendant from the sale or offering of its infringing goods and services under the INTIMATE TREASURES Mark, and that the award to Plaintiff be trebled as provided under 15 U.S.C. § 1117.; alternatively, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendant has willfully counterfeited and infringed.

    f.    An order declaring that Defendant is required to transfer Defendant's Infringing Domain and any other domain name including any of the INTIMATE TREASURES Mark to Plaintiff.

    g.    Trebling of Defendants' profits or Plaintiff's damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under T.C.A. § 47-

18-109, in view of Defendants' deliberate and willful unfair competition and infringement of the INTIMATE TREASURES Mark.

      h.    That all goods, labels, signs, prints, packages, wrappers, catalogs and advertising literature in the possession or control of Defendants bearing any of the INTIMATE TREASURES Mark be delivered up to an officer of the Court for destruction pursuant to 15 USC § 1118.

      i.    An award of Plaintiff's costs in this action and reasonable attorney's fees and expenses in bringing this action.

      j.    Such other, further, and additional relief as this Court may deem reasonable and just.

Respectfully submitted,

By: s/Stephen D. Adams    /
    Michael J. Bradford, TN BPR #22689
    Stephen D. Adams, TN BPR #30057
    LUEDEKA NEELY GROUP, P.C.
    P.O. Box 1871
    1871 Riverview Tower
    Knoxville, TN 37901
    Phone: (865) 546-4305
    Fax: (865) 523-4478
    sadams@luedeka.com

ATTORNEYS FOR PLAINTIFF